FREDERICK McCLOSKY, Appellant, v. IOWA RAILWAY & LIGHT COMPANY, Appellee.

**NEGLIGENCE: Street Railways—Condition of Crossing.** Evidence
1  held to present a jury question on the issue whether a street railway company was maintaining the street where its tracks crossed the street, in a reasonably safe condition, as per a city ordinance.

**NEGLIGENCE: Acts Constituting—Failure to Stop Street Car.** Evidence held to present a jury question on the issue whether a motorman exercised reasonable diligence to stop a street car after he saw that a traveler was on the track and in danger of being hit by the car.

*Appeal from Linn District Court.*—MILO P. SMITH, Judge.

April 1, 1924.

Supplemental Opinion on Rehearing, December 11, 1924.

Action to recover damages on account of personal injuries. The facts are fully stated in the opinion. Verdict for defendant, by direction of the court. Plaintiff appeals.—*Reversed.*

*Rickel & Dennis,* for appellant.

*Barnes, Chamberlain, Hanzlik & Thompson, John A. Reed,* and *Ralph Maclean,* for appellee.

Arthur, C. J.—I. Blake Boulevard, in the city of Cedar Rapids, from a point referred to in the evidence as Twenty-third Street crossing, extends in a westerly direction for a distance of something over 1,000 feet to Crescent Street. Counsel for appellee and some of the witnesses refer to the street covering as macadam; whereas counsel for appellant and other witnesses designate it as paving. This is material, under the city ordinance of the city of Cedar Rapids, as bearing upon the duty of appellee in the construction and maintenance of street crossings. The accident causing the injuries complained of occurred on the Crescent Street crossing, about 9:30 on the evening of September 19, 1921. Appellant, with three male companions and two girls, was riding in a Ford automobile, and, after passing a street car at the Twenty-third Street crossing, they proceeded westward on the north side of Blake Boulevard. When they arrived in the vicinity of Crescent Street, the driver turned the car to the left, to go south across appellee's tracks. The automobile in some way was completely turned over onto the track. While in this position, it was struck by a west-bound street car, causing the injuries complained of.

Two particular grounds of negligence were charged in the petition: one, negligence in the construction and maintenance of the crossing; and the other, the failure of the motorman to stop the street car, after he saw appellant's peril, in time to prevent the collision. The court, at the close of plaintiff's evi-

1. Negligence: street railways: condition of crossing.

dence, withdrew the issue of negligence in the construction and maintenance of the crossing, and, at the conclusion of all of the testimony, directed the jury to return a verdict for the defendant.

The ordinance of the city of Cedar Rapids requires the street railway company to provide a safe crossing for vehicles upon paved streets, and at all nonpaved streets to cause the entire space between the outside rails and twelve inches beyond the outside rails on each side of the tracks to be planked from property line to property line, whenever and wherever ordered by the council of said city. It is not claimed that the city council had ordered planking to be placed at the crossing in question. Appellant contends that Blake Boulevard was, in fact, paved, and that the provisions of the ordinance relating to paved streets are applicable to the Crescent Street crossing. We do not understand appellee to claim that the crossing met the requirements of the ordinance as to paved streets. If the street was not paved, then the duty of appellee was to maintain the crossing in a reasonably safe condition. The crossing was described by several of appellant's witnesses. The space between the rails was paved with brick, laid on the ties and on the dirt between them. The bricks outside of the rails are described as lying below the rail, and the macadam below the bricks, the top of the rail being higher than the grade of the original pavement. Some of the bricks were worn loose. The brick laid on the ties remained stationary, while those laid on the dirt between them became lowered to some extent, making the crossing somewhat rough. The witnesses differ as to the elevation of the brick laid outside of the rail above the macadam, and as to the distance the top of the rail extended above the brick. The elevation of the rail above the brick outside of the track was estimated by the witnesses to be an inch or inch and a half, and the elevation of the brick, some of which were loose, about the same, above the surface of the street.

The evidence also shows that complaint had been made by some of the city officers to appellee of the condition of the crossing. We think, therefore, that the evidence tended to show that the crossing was not a reasonably safe one. The question at this

point was a question of fact, and not of law. There is a conflict in the evidence at this point as to whether the crossing, a hole in the street, or the driver's own negligence, was the proximate cause of the accident. On this question we, of course, express no opinion.

II.  Some of the occupants of the automobile testified that, when they passed the street car, it was standing at the Twenty-third Street crossing, where it had stopped to take on passengers, and that, as they approached the Crescent Street crossing, they looked in the direction from which the car was approaching, and saw it a considerable distance away—which they have estimated at 600 to 700 feet. The employees of the street car company in charge of the car denied that a stop was made at the Twenty-third Street crossing, or that passengers were taken on at that point. There were no passengers in the car when it reached Crescent Street. The view of the motorman was, admittedly, unobstructed. The speed of the street car is given as about 15 miles per hour, whereas the speed of the automobile is estimated at from 15 to 30 miles per hour. The occupants of the automobile testified that the speed was reduced to 6 or 8 miles per hour as they approached the Crescent Street crossing. The motorman on the street car testified that he saw the automobile when it turned over on the street car track, and that at that time the car was within 50 feet of the crossing, and that he immediately applied the brakes and stopped the car as quickly as possible. The motorman claimed that the automobile was proceeding at a rapid rate of speed, and was overturned because the front wheel ran into a hole in the macadam or pavement of the street. It is not necessary, in passing upon the questions presented, to state the testimony in greater detail. If, at the time the automobile was turned over onto the street car track, the street car was several hundred feet east, there would seem to be no reason why it should not have been brought to a stop in time to have avoided the accident. The motorman, according to his testimony, was watching ahead, and saw the automobile turn at Crescent Street to go south.

The testimony of the witnesses on this point does not pre-

2. NEGLIGENCE: acts constituting: failure to stop street car.

sent a question of law. The physical facts involved are urged as conclusive. The case is not, as we view it, controlled by the physical facts, at least as a matter of law. Whether the proximate cause of the automobile's being thrown upon appellee's track was a defective condition of the crossing, and whether the motorman exercised ordinary care after he saw the position of peril in which appellant and the other occupants were placed on the track, were questions of fact for the jury. A review of the authorities cited by counsel will serve no good purpose. The law applicable to the facts is thoroughly familiar to the profession. It was the duty of the court, in passing upon appellee's motion to withdraw the issue of negligence as to the condition of the crossing and to direct a verdict in its favor, to give the most favorable construction to appellant's evidence. This, we think, was not done. We have referred only to such matters in the record as are necessary, in disposing of the appeal. Other propositions discussed by counsel need not be passed upon.

It follows that the judgment of the court below is— *Reversed.*

Evans, Preston, and Faville, JJ., concur.

### Supplemental Opinion.

Per Curiam.—It is urged by appellant in a petition for rehearing that our original opinion should be so modified as to hold, as a matter of law, that the obstruction caused by the slight elevation of the track above the brick at the crossing does not constitute negligence. Upon a careful reconsideration of the record, we reach the conclusion that the elevation, which is about an inch or an inch and one half, does not in itself constitute negligence, and that the issue based thereon should not, in case of a retrial, be submitted to the jury.

In all other particulars, the petition is overruled.